Appeal and error ⬅84(2)—Supreme Court has no jurisdiction to review judgment of Court of Civil Appeals affirming order granting new trial (Rev. St. 1925, arts. 1728, 1821, 2249).

In view of Rev. St. 1925, arts. 1728, 1821, the Supreme Court is without jurisdiction to review a judgment of the Court of Civil Appeals which affirms interlocutory order of the district court granting a new trial appealed to Court of Civil Appeals under article 2249.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by Martin Phelps against the Texas & Pacific Railway Company. Judgment for defendant and order of the district court, granting plaintiff a new trial, was affirmed by the Court of Civil Appeals (289 S. W. 708), and plaintiff brings error. Application for writ of error dismissed.

T. D. Gresham and R. S. Shapard, both of Dallas, and Bibb & Caven, of Marshall, for plaintiff in error.

Jones & Jones, of Marshall, for defendant in error.

GREENWOOD, J.   On the verdict of a jury, the district court of Harrison county rendered judgment that defendant in error take nothing by his suit against plaintiff in error for damages for an alleged personal injury. The district court entered an order granting a new trial on motion of defendant in error. The Court of Civil Appeals affirmed the district court's order.

Defendant in error has filed a motion to dismiss plaintiff in error's application for writ of error on the ground that the Supreme Court has no jurisdiction to review, on writ of error, a judgment of the Court of Civil Appeals affirming an order granting a new trial.

Article 2249 of the Revised Statutes (1925) embodies the terms of the act of the Thirty-Ninth Legislature (chapter 18, p. 45), so as to authorize an appeal to be taken to the Court of Civil Appeals from an order granting a new trial in every case in the district or county court wherein an appeal would lie after final judgment. Such appeal is required to be taken in the same time and manner as though perfected from final judgment.

Under article 2249, the Court of Civil Appeals had jurisdiction of the appeal to revise the grant of the new trial in this case by the district court. But article 1728 of the Revised Statutes expressly limits the appellate jurisdiction of the Supreme Court to the determination of questions of law arising in enumerated cases only when such cases have been brought to the Courts of Civil Appeals from final judgments of the trial courts. Since this case was taken to the Court of Civil Appeals in advance of final judgment by appeal from a purely interlocutory order, it is clearly beyond the Supreme Court's appellate jurisdiction, if that jurisdiction had to rest on the terms of article 1728.

However, article 1728 is not the only governing statute, for article 1821 of the Revised Statutes declares, first, that the judgments of the Courts of Civil Appeals shall be conclusive on the law as well as on the facts in all appeals from interlocutory orders appointing receivers or trustees and in "such other interlocutory appeals as may be allowed by law"; and, second, that no writ of error shall be allowed to revise judgments of the Courts of Civil Appeals on any such appeals. With the Constitution empowering the Legislature to impose such restrictions as it might see proper on the Supreme Court's appellate jurisdiction over questions of law arising in cases determined by Courts of Civil Appeals, and with the Legislature expressly prohibiting the exercise of jurisdiction to grant a writ of error to revise the action of a Court of Civil Appeals on any appeal from such an interlocutory order as one granting a new trial, and with the Legislature further declaring the decision of the Court of Civil Appeals in an appeal from the order for a new trial conclusive as to both law and facts, it is plain that defendant in error's motion to dismiss the application for writ of error must be sustained. National Compress Co. v. Hamlin, 114 Tex. 381, 269 S. W. 1024; Hinn v. Gallagher, 114 Tex. 322, 268 S. W. 132; Magouirk v. Williams (Tex. Com. App.) 249 S. W. 185.

It is so ordered.

---

## SIBLEY v. CONTINENTAL SUPPLY CO.
### (Motion No. 7479, on Application No. 15077.)

(Supreme Court of Texas.   Feb. 9, 1927.   Rehearing Denied March 9, 1927.)

1. Pleading ⬅111 — Controverting affidavit, filed over 5 days after appearance day on which plea of privilege was filed, though within same term, is too late (Vernon's Ann. Civ. St. 1925, art. 2007).

Under Vernon's Ann. Civ. St. 1925, art. 2007, controverting affidavit, filed more than five days after appearance day on which plea of privilege was filed, though within same term, is too late.

2. Pleading ⬅111—Defendant cannot challenge right to determine issue made by plea of privilege and controverting affidavit after agreeing thereto in writing.

Defendant cannot challenge court's right to determine issue made by plea of privilege and controverting affidavit after entering into writ-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ten agreement that court should vacate judgment against him, and thereafter determine such question.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by the Continental Supply Company against S. W. Sibley and others. A judgment for plaintiff was affirmed by the Court of Civil Appeals (290 S. W. 769), and the defendant named applies for a writ of error. Writ denied.

Stennis & Stennis, of Dallas, for plaintiff in error.

Fischer & Fischer, of Wichita Falls, for defendant in error.

#### On Motion for Rehearing.

PER CURIAM. Writ of error denied. [1, 2] The writ of error in this case was properly refused regardless of the erroneous construction placed by the Court of Civil Appeals on article 2007 of the Revised Statutes. Plaintiff in error could not be heard to challenge the right of the court to determine the issue made by a plea of privilege and a controverting affidavit, after entering into an agreement in writing that the court should vacate a certain judgment against him, and thereafter hear and determine the question presented by the plea and the controverting affidavit thereto.

Motion for rehearing is therefore overruled.